## Carrie J. Billingheimer, Appellee, v. William F. Scott et al., Appellants.

### Gen. No. 14,107.

INTEREST—*what not unreasonable and vexatious delay of payment.* It is not an unreasonable and vexatious delay of payment to refuse to satisfy a claim where there is an honest and reasonable dispute with respect to its validity and propriety.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed on remittitur. Opinion filed December 21, 1908.

WILLIAM P. SHOCKEY, ORLANDO W. KEATLEY and BENJAMIN McWILLIAMS, for appellants.

PARKER & HAGAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff, and the defendant William F. Scott, at the time of the occurrences resulting in the contentions appearing in this record, sustained the relationship to each other of patient and doctor. Dr. Scott attended the plaintiff when she suffered from a miscarriage. Just prior to this time Dr. Scott's wife, his co-defendant, had been delivered of a living child. In the case of these two mothers nature seemed to work at cross purposes. The mother of the immature and lifeless child had an abundant supply of nature's infant nourishment, while through the lacteal ducts of the mother of the living child no needed nourishment flowed. Dr. Scott's child was puny, in consequence, and so ill nourished that its life was threatened with early extinction. In his perplexity and anxiety for the life of his child, Dr. Scott appealed to the plaintiff to suckle it and to give the child of the abundance of nourishment which she had and of which the child

stood in sore need to save its life. Plaintiff took the child and nursed it, so that it became strong and healthy from the maternal sustenance which it extracted from her. Now the plaintiff claims that she cared in this way for the child of defendants under an express agreement that she should be paid $15 per week for such services. On the other hand, Dr. Scott denies that any such agreement was made, but insists that plaintiff agreed to accept as a requitement for her services his professional attendance and care and the relinquishment of a claim for borrowed money which Dr. Scott had against her husband. The cause was tried at *nisi prius* with a jury, and a judgment of $762.08 entered against defendants on the verdict of the jury. The common counts and a plea of *non assumpsit* embrace all the pleadings in the case. It is contended that defendants should have been permitted to recoup the amount due for Dr. Scott's services under the plea of the general issue; that the judgment is contrary to the preponderating force of the evidence; and that the court erred in its rulings upon the evidence and in its instructions to the jury.

Whether defendants could recoup or put in evidence a set-off or counter claim under their plea of *non assumpsit* against the claim set up by plaintiff, we are not called upon to decide, for the reason, clearly apparent, that there is naught in the record which calls for such ruling. The abstract of the record fails to disclose that any evidence was proffered of any counter claim by defendants, either by way of recoupment or set-off. The cause was defended upon the theory that the agreement to pay plaintiff for her services $15 per week was never made, and all the evidence of defendants tends in that direction. A reading of the evidence fails to disclose any ruling of the learned trial judge upon the evidence which injuriously affected the rights of defendants or curtailed the defense which they sought to interpose. An exam-

ination of the instructions fails to disclose any. infirmity of law necessitating a re-trial of the case.

The judgment appealed from was entered on the second trial of the cause. On the first trial plaintiff recovered and that judgment was by the Branch Court reversed and a new trial awarded because of improper remarks of plaintiff's counsel in his address to the jury. See case General Number 10767, opinion by Mr. Justice Baker, filed March 1, 1904, and not reported. In this opinion it is intimated that the amount of the judgment was excessive, as the jury awarded compensation at the rate of $25 per week in the face of the testimony of plaintiff that she was to receive the lesser sum of $15 per week for her services. We are of the opinion that the judgment appealed from is also excessive in that it includes interest upon the amount of plaintiff's· claim on the basis of $15 per week. The evidence fails to show that defendants unreasonably or vexatiously withheld the amount due plaintiff. We gather from the proofs that the disagreement between the parties is an honest one, and in view of the evidence in this record and the first verdict rendered in the case, we cannot say that the defendants vexatiously or unreasonably witheld payment. Plaintiff nursed the child of defendants from June 25, 1896, to February 22, 1897, a period of thirty-four weeks lacking one day. Plaintiff is consequently limited in her right to recover to that time. At $15 per week the amount due would be in round numbers $508.

The judgment of the Circuit Court will therefore be affirmed on a *remittitur* from the amount of the judgment of $254.08 within five days; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed on remittitur.*